**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

BRUSHANDO SATCHER, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

REGIONAL UROLOGY, LLC and OCHSNER LSU HEALTH SYSTEM OF NORTH LOUISIANA,

Defendants.

CIVIL ACTION NO. ______________

## NOTICE OF REMOVAL

Defendants Regional Urology, LLC ("Regional Urology") and Ochsner LSU Health System of North Louisiana ("Ochsner," collectively, "Defendants") file this Notice of Removal, in accordance with 28 U.S.C. §§ 1332, 1441, 1446 and 1453, to remove this action filed by Plaintiff Brushando Satcher ("Plaintiff") from the 1st Judicial District Court of Louisiana, Parish of Caddo, Case No. 660267-Div. C, to the United States District Court for the Western District of Louisiana, Shreveport Division (the "Notice"). In support of removal, Defendants state as follows:

## NATURE OF THE REMOVED ACTION

1. On October 20, 2025, Plaintiff filed a Class Action Petition ("Petition") in the 1st Judicial District Court of Louisiana, Parish of Caddo, Case No. 660267-Div. C against Defendants (the "State Court Action"). A true and correct copy of the Petition is appended as **Exhibit A**.

2. This putative class action arises out of an October 2025 incident affecting legacy Regional Urology systems, which were no longer in active use (the "Incident"). *See* Ex. A, ¶ 1. Upon learning of the Incident, Defendants immediately took steps to contain the Incident and began an investigation. This investigation is ongoing. Defendants have not yet sent notice to any

current or former Regional Urology patients.

3. The Petition here alleges that the action is brought based on Defendants' alleged failure "to properly maintain and safeguard their computer systems and data." (Ex. A ¶ 39.) Plaintiff also contends "[u]pon information and belief, the Class includes thousands of individuals." (*Id.* ¶ 186.)

4. Plaintiff asserts claims on behalf of himself and a putative class of "thousands of individuals" for negligence, breach of implied contract, breach of fiduciary duty, and declaratory judgment and seeks actual and statutory damages, punitive damages, attorney's fees and costs, and declaratory and injunctive relief. (*Id.* ¶¶ 197-259; *Prayer for Relief.*)

5. In accordance with 28 U.S.C. § 1446(a), to the extent the accessible records are complete and current, all process, pleadings, and orders that have been filed and served in the State Court Action are attached to this Notice as Exhibits A-B.

**TIMELINESS OF REMOVAL**

6. The Citation was issued by the Clerk of Courts for Caddo Parish on October 21, 2025. A true and correct copy of the citation is attached hereto as **Exhibit B**.

7. This removal is timely because Defendants filed this removal within 30 days of Plaintiff's service of the Petition. *See* 28 U.S.C. § 1446(b) (notice of removal shall be filed within 30 days of service of complaint); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (time period for removal begins when defendant is served).

**PROPRIETY OF VENUE**

8. This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. As such, this Court is the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 1441(a), 1446(a).

## GROUNDS FOR REMOVAL

9. This is a civil action over which the Court has original subject matter jurisdiction under 28 U.S.C. §§ 1332. Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), codified in pertinent part at 28 U.S.C. § 1332(d).

## CAFA SUBJECT MATTER JURISDICTION

10. **Basis of Original Jurisdiction**. This Court has original jurisdiction over this action under CAFA, codified at 28 U.S.C. § 1332(d). Section 1332(d) provides that a district court shall have original jurisdiction over a class action with 100 or more putative class members in which the matter in controversy, in the aggregate, exceeds the sum or value of $5 million, and any member of the putative class is a citizen of a different state than that of the defendant. 28 U.S.C. § 1332(d)(1)-(2)(A); *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007).

11. As set forth below, under 28 U.S.C. § 1332(d) and § 1441(a), Defendants may remove the State Court Action to federal court under CAFA because: (1) this action is pled as a nationwide class action; (2) the putative nationwide class includes more than 100 members; (3) "minimal diversity" exists, *i.e.*, based upon our information to date, members of the putative class are citizens of a state different than that of Defendants; and (4) the matter in controversy, in the aggregate, exceeds the sum or value of $5 million, exclusive of interests and costs. *See id.*

12. **This Action Is Pled as a Class Action.** CAFA defines a "class action" as "'any civil action filed under rule 23 of the Federal Rule of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action.'" 28 U.S.C. § 1332(d)(1).

13. Plaintiff brings this action as a "class action" and seek class certification under Louisiana law pursuant to La. Code Civ. Proc. Ann. art. 591. (Ex. A ¶ 185.) Because Louisiana's Rule is a "similar State statute . . . authorizing an action be brought by 1 or more representative as a class action," the first CAFA element is satisfied. 28 U.S.C. § 1332(d)(1); *see also Ictech-Bendeck v. Progressive Waste Solutions of LA, Inc.*, 367 F. Supp. 3d 555, 561 (E.D. La. 2019) ("Plaintiff filed his petition as a class action petition pursuant to Louisiana Code of Civil Procedure Article 591 et seq. Such actions are class actions for purposes of CAFA.").

14. **The Putative Class Includes At Least 100 Members.** Plaintiff purports to bring this action on behalf of himself and all others similarly situated, including "[a]ll individuals whose PII/PHI may have been accessed and/or acquired in the Data Breach including all those individuals who received notice of the Data Breach." (Ex. A ¶ 182.)

15. Plaintiff asserts that the putative class is comprised of "thousands of individuals." (*Id.* ¶ 186.)

16. Thus, as pled, the number of putative class members exceeds the statutorily-required minimum of 100 individuals.

17. **"Minimal Diversity" of Citizenship Exists.** Under 28 U.S.C. § 1332(d)(2)(A), "the district court shall have original jurisdiction" over a "class in which . . . any member of the class of plaintiffs is a citizen of a State different from any defendant." *See also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84-85 (2014).

18. As pled in the Petition, Defendants are citizens of Louisiana. (Ex. A, ¶¶ 16-17.)

19. As pled in the Petition, Plaintiff is a citizen of Louisiana. (*Id.* ¶ 15.) But, based on Defendants' information to date, there are multiple putative class members that will be mailed a notice in states other than Louisiana. Thus, there is minimal diversity with at least one putative

class member diverse from Defendants. Further, when the Defendant is a medical provider it is likely that putative class members were "treated and billed persons travelling through the state, persons transported into the state, or persons who were once domiciled in the state but changed their domicile prior to the Petition's filing." *Stewert v. Ruston Louisiana Hospital Co., LLC*, No. 3:14-CV-00083-RGJ, 2014 WL 1246139, at *7 (W.D. La. Mar. 25, 2014), *aff'd*, No. CIV.A. 3:14-0083, 2014 WL 4678606 (W.D. La. Sept. 19, 2014). And, this is even more true with a medical center located near a border, such as Defendants here. As such, minimal diversity is met.

20. **The Amount in Controversy Exceeds the CAFA Threshold.**[1] CAFA requires that a complaint put in controversy more than $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). The claims of the individual class members are aggregated for purposes of CAFA's amount-in-controversy requirement. *See id.* § 1332(d)(6).

21. The United States Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" to meet the amount-in-controversy requirement. *Dart*, 574 U.S. at 89. Once the proponent of jurisdiction has set out the amount in controversy, "the case should be remanded only if [plaintiff] can prove to a legal certainty that her recovery will fall below" the jurisdictional amount. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 724 (5th Cir. 2002); *see also Dykes v. Lyft, Inc.*, 551 F. Supp. 3d 618, 622 (M.D. La. 2021).

22. In determining whether the amount-in-controversy requirement is satisfied, a defendant may follow "either of two tracks: (1) Adduce summary judgment evidence of the

[1] The amounts set forth in this Notice of Removal are solely for the purposes of establishing that the amount in controversy exceeds the $5 million threshold and are not intended and cannot be construed as an admission that Plaintiff can state a claim or is entitled to damages in any amount. Defendants deny liability, deny Plaintiff is entitled to recover any amount, and denies that a class can be properly certified in this matter.

amount in controversy, or (2) demonstrate that, from the class plaintiff's pleadings alone, it is 'facially apparent' that CAFA's amount in controversy is met." *Berniard v. Dow Chem. Co.*, 481 F. App'x 859, 862 (5th Cir. 2010) (footnote omitted). For example, a defendant can offer "testimonial evidence . . . published precedent showing that damages in the instant case and in similar cases would probably exceed [the amount-in-controversy]" and the complaint's injury allegations. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). "In addressing such issues about amounts in controversy, it is critical for courts to focus on the phrase 'in controversy' and to remember the difference between even highly unlikely results and truly impossible results, and to avoid prematurely trying the merits of the case in deciding jurisdiction." *Schutte v. Ciox Health, LLC*, 28 F.4th 850, 854 (7th Cir. 2022).

23. The Petition does not specify the amount of damages Plaintiff and putative class members seek in this action. But the pleaded allegations demonstrate that the putative class members' claims, in the aggregate, exceed the sum or value of $5 million, exclusive of interest and costs.

24. According to the Petition, "thousands of individuals" were affected by the Incident and comprise the putative class. (Ex. A ¶ 186.) Assuming that there were six thousand individuals in the putative class, the Petition need only plausibly show an amount-in-controversy of more than $833 per class member to meet the $5 million jurisdictional threshold. And the allegations in the Petition plainly meet this threshold.

25. As stated above, Plaintiff brings this suit for negligence, breach of implied contract, breach of fiduciary duty, and declaratory judgment. (*Id.* ¶¶ 197-259.) He seeks a multitude of types of damages. (*See id.* ¶¶ 221, 175-80; *Prayer for Relief.*)

26. Indeed, in data incident cases involving similar allegations and where the amount in controversy is not apparent from the face of the complaint, courts routinely hold that the costs of providing credit monitoring and identity theft protection services are properly included in the amount in controversy for purposes of CAFA's jurisdictional requirements. *See, e.g., Porras v. Sprouts Farmers Mkt., LLC*, No. EDCV 16-1005 (JGB) (KKX), 2016 WL 4051265, at *1 (C.D. Cal. July 25, 2016) (denying motion to remand on the grounds that years of credit monitoring for thousands of class members was included in the amount in controversy and therefore exceeded the $5 million threshold); *McLoughlin v. People's United Bank, Inc.*, 586 F. Supp. 2d 70, 73-74 (D. Conn. 2008) (same); *Fielder v. Penn Station, Inc.*, No. 1:12-cv-2166, 2013 WL 1869618, at *2-3 (N.D. Ohio May 3, 2013) (same). Thus, the Petition's request for damages for credit monitoring alone puts more than $5 million in controversy in this case.

27. Based on the minimum compensatory damages for credit monitoring costs alleged in the Petition and Plaintiff's other alleged damages, the CAFA amount-in-controversy threshold is met here. *See, e.g., Lanier v. Norfolk S. Corp.*, 256 F. App'x 629, 632 (4th Cir. 2007) (holding that "[o]nce the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction") (quotation omitted); *see also, e.g., Thomas v. FIA Card Servs., Nat'l Assoc.*, No. 5:14-CV-79, 2014 WL 4954389, at *3 (N.D. W. Va. Oct. 2, 2014) (same; "[T]he question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties.") (quotation omitted); *Kates v. Chad Franklin Nat'l Auto Sales N. LLC*, No. 08–0384–CV–W–FJG, 2008 WL 3065009, at *2 n.5 (W.D. Mo. July 30, 2008) ("The Court can easily imagine how $900,000 in actual damages, combined with punitive damages and attorney's fees, could exceed the jurisdictional threshold" of CAFA.).

28. Thus, because the case is pled as a class action, and because minimal diversity, class size, and the amount in controversy requirements of CAFA are satisfied, Defendants have properly removed the State Court Action to this Court.

## NOTICE

29. As required by 28 U.S.C. § 1446(d), Defendants are providing written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of the Court of Caddo Parish.

## RESERVATION OF RIGHTS

30. Nothing in this Notice is intended to be, or should be construed as, an express or implied admission by Defendants of any fact alleged by Plaintiff; of the validity or merit of any of Plaintiff's claims and allegations; or as a limitation of any of Defendants' rights, claims, remedies, and defenses in connection with this action.

31. Pursuant to Rule 81(c) of the Federal Rules of Civil Procedure, Defendants will present their defenses by pleading at the time prescribed therein, and specifically reserves its rights to assert all defenses, including those defenses under Rule 12(b). Defendants intend no admission of fact, allegation, claim, liability or wrongdoing by this Notice, and expressly reserve all defenses, motions, and pleas, including, without limitation, objections to the sufficiency of Plaintiff's pleadings and the propriety of class certification. Defendants further reserve the right to submit additional evidence in support of the Notice, including as may be necessary to address and refute any contentions set forth in a motion to remand.

WHEREFORE, Defendants remove the State Court Action from the 1st Judicial District Court for the Parish of Caddo to the United States District Court for the Western District of Louisiana.

Respectfully submitted this 19th day of November, 2025.

_*Lawrence W. Pettiette, Jr.*_
Lawrence W. Pettiette, Jr.
Louisiana State Bar No. 10486

Joseph S. Woodley
**Joseph S. Woodley #19228**
**Pettiette, Armand, Dunkelman,**
**Woodley & Cromwell, L.L.P.**
400 Texas Street, Suite 400
Shreveport, Louisiana 71166-1786
Telephone: (318) 221-1800
Facsimile: (318) 226-0390
lpettiette@padwbc.com

Casie D. Collignon
*(Pro Hac Vice Forthcoming)*
**Baker & Hostetler LLP**
1801 California Street, Suite 4400
Denver, CO 80202-2662
Tel: (303) 764-4060
Fax: (303) 861-7805
ccollignon@bakerlaw.com

Robyn M. Feldstein
*(Pro Hac Vice Forthcoming)*
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Tel: (212) 589-4200
Fax: (212) 589-4201
rfeldstein@bakerlaw.com

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2025, a true and correct copy of the foregoing document was served via ECF on all counsel of record and via electronic mail.

Lawrence W. Pettiette. Jr.
Lawrence W. Pettiette, Jr.